UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

RONALD THROCKMORTON,
          *Plaintiff-Appellant,*

v.

WASTE MANAGEMENT OF CAROLINAS,
INCORPORATED,
          *Defendant-Appellee.*

No. 01-1968

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CA-00-116)

Argued: April 5, 2002

Decided: May 3, 2002

Before NIEMEYER and KING, Circuit Judges, and
James H. MICHAEL, Jr., Senior United States District Judge
for the Western District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Rudolph Alexander Ashton, III, MCCOTTER, MCAFEE
& ASHTON, P.L.L.C., New Bern, North Carolina; David Edward
Gurganus, New Bern, North Carolina, for Appellant. Randy C. Gepp,
ARRINGTON & HOLLOWELL, P.C., Atlanta, Georgia, for Appel-
lee. **ON BRIEF:** David P. Voerman, VOERMAN LAW FIRM,

P.L.L.C., New Bern, North Carolina, for Appellant. Karen M. Patten, ARRINGTON & HOLLOWELL, P.C., Atlanta, Georgia; Randall D. Avram, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Appellant Ronald Throckmorton brought suit against his employer, Waste Management of Carolinas, Incorporated ("WMI"), in the Eastern District of North Carolina, for violating the Age Discrimination in Employment Act of 1967 ("ADEA"). WMI sought summary judgment on Throckmorton's claim, maintaining that the evidence was insufficient to justify trial and also asserting that the majority of his contentions were barred because they had not been timely filed with the Equal Employment Opportunity Commission ("EEOC"). By its Order of June 25, 2001, the district court awarded summary judgment to WMI. *Throckmorton v. Waste Mgmt. of Carolinas, Inc.*, Order, No. 7:00-CV-116-F(1) (E.D.N.C. June 25, 2001) (the "Opinion"). Throckmorton has appealed, and we affirm.

I.

WMI operates a business involved in recycling and waste disposal in Jacksonville and Wilmington, North Carolina. Throckmorton was first hired by WMI in 1992 to work at Jacksonville as a route driver in its recycling program. His duties included driving a recycling truck and, with a helper, picking up recyclable materials. Following coronary bypass surgery in 1994, however, Throckmorton was assigned to other duties.

Throckmorton maintains that, since 1994, his former recycling route position has been open three or four times, and that he has

unsuccessfully applied for reassignment to it on each occasion. According to Throckmorton, WMI has consistently hired a younger person to fill the position. WMI's records reflect only one request by Throckmorton for assignment to the recycling driver position, made on May 6, 1999.* His supervisor, Gerald Murrell, refused to award him the job on that occasion, citing Throckmorton's lack of productivity. Instead, on July 5, 1999, WMI hired a thirty-two-year-old man to fill the position. Throckmorton filed an age discrimination complaint with the EEOC on October 19, 1999, and thereafter, on June 8, 2000, Throckmorton filed this lawsuit, contending that he had been subjected to age discrimination by WMI.

As evidence that WMI's refusal to assign him as the recycling route driver was based on age animus, Throckmorton testified, inter alia, that (1) he heard Murrell assert that he wanted only "scrawny young studs" on the routes, and (2) that another WMI employee told him that Murrell had said he "was looking for young, small males" to work a residential route. Throckmorton made other contentions in support of his age discrimination claim, including (1) Murrell's comments to him and to another employee regarding their receipt of military pensions (implying that they would not be harmed by shortened work weeks); (2) the denial of special and incentive pay due to his age; (3) excessive drug testing as a result of age; and (4) scheduling him for shortened four-day work weeks more frequently than other employees.

The district court rejected Throckmorton's claim and awarded summary judgment to WMI on June 26, 2001. Throckmorton then filed this appeal, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.

---

*WMI contends that Throckmorton did not directly request assignment to the recycling route on the previous occasions. Because the other incidents occurred earlier, and Throckmorton must, under 29 U.S.C. § 626(d), demonstrate an ADEA violation within 180 days prior to the filing of his EEOC complaint, we must first examine the May 6, 1999 incident, which was within the statutory 180-day window. If we see that incident as insufficiently supported, there can be, as explained *infra* at 6, no "continuing violation" warranting consideration of the earlier incidents, and any dispute of fact concerning them is of no relevance.

## II.

Our standard of review on appeal is de novo, applying the same principles employed by the district court. *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998). Summary judgment is appropriate only if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In reviewing an award of summary judgment, we view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## III.

In order to utilize the alleged incidents of discrimination occurring more than 180 days prior to the filing of his EEOC complaint, Throckmorton must show that those prior incidents "can be related to a timely incident as a series of separate but related acts amounting to a continuing violation." *Beall v. Abbott Labs*, 130 F.3d 614, 620 (4th Cir. 1997) (internal citation and quotation omitted); *see supra* n.1. If no incident unlawful under the ADEA occurred within the 180-day period prior to October 19, 1999 (i.e., after April 22, 1999), Throckmorton is unable, as a matter of law, to establish a continuing violation. *Hill v. AT&T Techs., Inc.*, 731 F.2d 175, 180 (4th Cir. 1984). The district court found the evidence insufficient to support the finding of a "timely incident," and it concluded that because "the evidence in the record is insufficient to sustain the plaintiff's claim of age discrimination — *i.e.*, the court finds no '*present* violation' — the court cannot consider any other alleged instances of discrimination that occurred prior to April 22, 1999." Opinion at 3 (emphasis in original).

On appeal, Throckmorton asserts that a present violation did exist, primarily relying upon the May 6, 1999, failure of WMI to assign him to the recycling route driver position for which he had applied, an event within the 180-day window, as establishing the basis for his continuing age discrimination violation. His first contention is that Murrell's comments that he sought young employees constituted direct evidence of discrimination. The court rejected this contention because Throckmorton had failed to "illustrate a nexus between that

animus and the employment action" alleged to have been taken against him. *Id.* at 6 (citation and quotation omitted).

The district court correctly analyzed Throckmorton's claim under the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). It observed that three of Throckmorton's asserted incidents of discrimination failed immediately for lack of evidence. Throckmorton offered no more than "speculation and inadmissible evidence" in support of his allegation that he had been subjected to more of the shortened four-day work weeks than younger employees. Opinion at 8. It also pointed out that "the record is devoid of evidence that the plaintiff achieved the requisite performance goals to entitle him to incentive pay," and that Throckmorton had failed "to show any connection between his age and receipt of special pay or incentive pay." *Id.* at 10. Additionally, the court observed that Throckmorton offered no evidence "other than his own speculative conclusion" that there was any connection between his purportedly high rate of drug testing and his age. *Id.* at 11.

The district court also examined Throckmorton's assertion that WMI had failed to promote him to the position of full-time recycling route driver as the result of age animus. The court, taking the evidence in the light most favorable to Throckmorton, concluded that he had established a prima facie case of age discrimination, i.e., (1) he was a member of a protected class; (2) he applied for an open position; (3) he was qualified for the position, and (4) he was denied promotion under circumstances that create an inference of unlawful discrimination. *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 310-11 (1996). The court also concluded, however, that WMI had refuted any inference of age discrimination by demonstrating that its refusal to assign Throckmorton to the position of recycling route driver was a reasonable business judgment, based in part on Throckmorton's alleged lack of productivity. Opinion at 13. As a result, Throckmorton was then required to present evidence that WMI's proffered rationale was pretextual. Although Throckmorton denies that he was nonproductive, he has made an insufficient showing of pretext. Job performance is a valid nondiscriminatory basis for an adverse employment action, and an employer is vested with the discretion to choose among equally qualified candidates, so long as its decision is not based upon unlawful criteria. *Evans v. Techs. Apps. &*

*Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996). It is the perception of the decisionmaker, and not that of the employee, which is relevant. *Id.* at 960-61. After thorough consideration, the district court concluded that Throckmorton had demonstrated "nothing more than the unremarkable fact that the plaintiff and Murrell disagreed about the plaintiff's productivity." Opinion at 14 (citation and quotation omitted).

## IV.

We have carefully reviewed Throckmorton's claim, and we agree that Throckmorton has failed to establish an age discrimination case against WMI. We are therefore content to affirm the award of summary judgment to WMI on the reasoning of the district court. *Throckmorton v. Waste Mgmt. of Carolinas, Inc.*, Order, No. 7:00-CV-116-F(1) (E.D.N.C. June 25, 2001).

*AFFIRMED*